The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award with the exception of Award # 1.
* * * * * * * * * * *
RULING ON MOTION
Plaintiff's motion to assess attorney's fees against the defendant for failure to submit a copy of defendant's brief is hereby; and the same shall be, DENIED. While defendant's counsel should have submitted a copy of the filed brief to the plaintiff, it is the responsibility of the Industrial Commission to provide all parties with a transcript of the hearing. In this instance, it was the Industrial Commission which failed in its responsibility.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. From February 14, 1994 through August 12, 1994, plaintiff was employed as an office manager by defendant.
2. Plaintiff did not miss any time from work.
3. Plaintiff was terminated from her job on August 12, 1994.
4. At the hearing before the Deputy Commissioner, the parties submitted a Pre-Trial Agreement which was signed by counsel for both parties and which included attached medical records.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working as an office manager for defendant on February 14, 1994. The Kelly Group is a sole proprietorship owned by Steven Kelly.
2. On February 14, 1994, in addition to plaintiff, The Kelly Group employed Tray Brower, Jim Brumfield, Phil Holtzendorf and Bill Schwartz. Steven Kelly and his wife were also listed as employees for purposes of health insurance coverage. When she was hired, Steve Kelly told plaintiff to put herself as well as Phil Holtzendorf on the form for Blue Cross Blue Shield health insurance coverage.
3. On July 14, 1994, The Kelly Group employed plaintiff, Phil Holtzendorf, and Dan Stone. From February 14, 1994 until July 14, 1994, The Kelly Group regularly employed three or more employees.
4. On July 14, 1994, plaintiff was using a chair which did not roll properly and was awkward to use. Plaintiff rolled her chair back and as she was getting up from her chair, her right foot got wrapped up in the telephone cord and tripped her. She fell forward landing with her weight on her right knee and bumping her elbow. Dan Stone and another man helped plaintiff up and she put an ice pack on her knee. Plaintiff told Steven Kelly about the accident on July 14, 1994.
5. Later on July 14, 1994, plaintiff was seen at the Miller Orthopaedic Clinic. X-rays revealed no fracture or other abnormality, with mild spurring at the superior polar patella. Plaintiff was preliminarily diagnosed with a patella femoral contusion with chondral injury on the under-surface of the patella, and was told to come back in one month.
6. Plaintiff was seen again at the Miller Orthopaedic Clinic on August 9, 1994 with complaints of tenderness in her elbow, which she believed was related to trying to break her fall on July 14. She was diagnosed with epicondylitis of the right elbow.
7. Plaintiff continued with conservative treatment for her right knee, which did not give complete relief. On July 20, 1995, Dr. Jeffrey Mokris of the Miller Orthopaedic Clinic recommended an MRI scan to obtain additional information.
8. Steven Kelly has paid some of the plaintiff's medical bills arising from her knee injury.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 14, 1994, the date of plaintiff's injury by accident, the defendant Kelly Group regularly employed three or more employees so as to come within the coverage of the Workers' Compensation Act. However, the defendant Kelly Group did not provide the required workers' compensation insurance coverage at the relevant time of employment. N.C. Gen. Stat. § 97-2 (1).
2. On July 14, 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she tripped over a telephone cord and fell, injuring her right knee and sustaining injury to her right elbow. N.C. Gen. Stat. § 97-2.
3. As a result of her injury by accident on July 14, 1994, plaintiff has incurred medical expenses for treatment rendered which was reasonably necessary to effect a cure or give relief. N.C. Gen. Stat. § 97-25.
4. It is reasonably necessary for an MRI to be done to determine the extent of any injury to plaintiff's right knee. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff's medical expenses for treatment rendered, or which will be rendered, which is reasonably necessary to effect a cure, give relief, or lessen any period of disability as a result of her injury by accident.
2. Defendant shall pay the cost of an MRI to determine the extent of any injury to plaintiff's knee.
3. Defendant shall pay the costs.
* * * * * * * * * * *
ORDER
IT IS ORDERED that this case be RETURNED to the hearing docket for a hearing to determine what penalty is appropriate for defendant's failure to comply with N.C. Gen. Stat. 97-93. This case may thereafter be removed from the penalty hearing docket only upon the receipt of satisfactory proof that defendant has paid or will pay the compensation due plaintiff under this Award and that defendant presently provides workers' compensation insurance coverage for their employees or that they are not presently subject to the North Carolina Workers' Compensation Act.
This is the 3rd of February 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER